FILED
JUN 02 2011
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | M-22-0317 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. S1-4:11CR00057 RWS (NAB) |
| | ) | |
| SAMUEL HUICHAPA LOPEZ, | ) | Counts I, II and III |
| a/k/a "Sam," "Sammy," | ) | |
| NELVI VELASCO, a/k/a "Sergio," | ) | Count I |
| PEDRO JOSE RODRIGUEZ, a/k/a "Flaco," | ) | Count I |
| DONALD DAVID WALTERS, a/k/a "D," "D D," | ) | Count I |
| CHARLES TERRY McROBERTS, a/k/a "Black," | ) | Counts I and XI |
| ADOLFO BARRERA-BARRERA, | ) | Counts II and XII |
| a/k/a "Herlindo B. Barrera," | ) | |
| FERNANDO TORRES ALONSO, | ) | Counts II and XII |
| SALVADOR LOPEZ-HUICHAPA, | ) | Count I |
| a/k/a "Chava," "Sal," | ) | |
| EUSTAQUIO CRUZ-JAIMES, | ) | Count I |
| a/k/a "Patron," "Jefe," "Nieves," | ) | |
| ESTEBAN TAMAYO VALLEJO, a/k/a "Coyote," | ) | Count I |
| ALFREDO BARRERA, | ) | Count II |
| INDELACIO CASARRUBIA BARRERA, | ) | Count II |
| SEAN WILLS, a/k/a "Shawny," | ) | Counts I and II |
| JOHN MICHAEL MEEHAN, a/k/a "Mike," | ) | Counts I, II, III, IX and X |
| CLAUDE HARPER, | ) | Count I |
| GILBERT DIXON, a/k/a "Gil," "Moreno," | ) | Counts I, II and VIII |
| JUAN MOCTEZUMA, a/k/a "Poncho," "Friend," | ) | Count I |
| JOHN RUSSO, | ) | Counts I and VII |
| JOSE M. DIAZ, | ) | Count I |
| JIMMY ANTHONY SOLIS, | ) | Count I |
| JESSE JOSEPH GALACIA, | ) | Count I |
| DELANO ANTONIE SMITH, | ) | Count I |
| RAYMOND CHARLES ROBINSON, | ) | Count I |
| BRIAN WATERS, | ) | Count I |
| LEON STEWART, a/k/a "June Bug," and | ) | Counts I, IV and V |
| JASON WILEY, | ) | Counts I and VI |
| | ) | |
| Defendants. | ) | |

**SUPERSEDING INDICTMENT**

## COUNT I

The Grand Jury charges that:

A.  Beginning sometime in 2007, with the exact date unknown, and continuing to the date of this Indictment, with the exact dates unknown, in the Eastern District of Missouri and elsewhere,

SAMUEL HUICHAPA LOPEZ, a/k/a "Sam," "Sammy,"
NELVI VELASCO, a/k/a "Sergio,"
PEDRO JOSE RODRIGUEZ, a/k/a "Flaco,"
DONALD DAVID WALTERS, a/k/a "D," "D D,"
CHARLES TERRY McROBERTS, a/k/a "Black,"
SALVADOR LOPEZ-HUICHAPA, a/k/a "Chava," "Sal,"
EUSTAQUIO CRUZ-JAIMES, a/k/a "Patron," "Jefe," "Nieves,"
ESTEBAN TAMAYO VALLEJO, a/k/a "Coyote,"
SEAN WILLS, a/k/a "Shawny,"
JOHN MICHAEL MEEHAN, a/k/a "Mike,"
CLAUDE HARPER,
GILBERT DIXON, a/k/a "Gil," "Moreno,"
JUAN MOCTEZUMA, a/k/a "Poncho," "Friend,"
JOHN RUSSO,
JOSE M. DIAZ,
JIMMY ANTHONY SOLIS,
JESSE JOSEPH GALACIA,
DELANO ANTOINE SMITH,
RAYMOND CHARLES ROBINSON,
BRIAN WATERS,
LEON STEWART, a/k/a "June Bug," and
JASON WILEY,

the defendants herein, did knowingly and unlawfully combine, conspire, agree, and confederate together with each other and other persons, both known and unknown to the Grand Jury, to distribute and to possess with the intent to distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

B.  MANNER AND MEANS OF THE CONSPIRACY

1.  It was part of the drug-trafficking conspiracy that defendants SAMUEL HUICHAPA LOPEZ (a/k/a "Sam," "Sammy") and EUSTAQUIO CRUZ-JAIMES (a/k/a "Patron," "Jefe,"

"Nieves") served as broker/suppliers of cocaine obtained from Sources of Supply in Mexico and distributed throughout the United States, including St. Louis, Missouri.

2. It was further part of the drug-trafficking conspiracy that defendant SAMUEL HUICHAPA LOPEZ (a/k/a "Sam," "Sammy") utilized close associates in the organization to help broker, distribute and transport large quantities of cocaine, including defendants SALVADOR LOPEZ-HUICHAPA (a/k/a "Chava," "Sal), JUAN MOCTEZUMA (a/k/a "Poncho," "Friend"), and JIMMY ANTHONY SOLIS.

3. It was further part of the drug-trafficking conspiracy that defendants SAMUEL HUICHAPA LOPEZ (a/k/a "Sam," "Sammy"), EUSTAQUIO CRUZ-JAIMES (a/k/a "Patron," "Jefe," "Nieves"), and ESTEBAN TAMAYO VALLEJO (a/k/a "Coyote") utilized a number of people, including defendants JOHN MICHAEL MEEHAN (a/k/a "Mike"), CLAUDE HARPER, GILBERT DIXON (a/k/a "Gil," "Moreno"), JOSE M. DIAZ, JESSE JOSEPH GALACIA, DELANO ANTONIE SMITH, RAYMOND CHARLES ROBINSON, and PEDRO JOSE RODRIGUEZ (a/k/a "Flaco"), to transport large quantities of cocaine, often concealed within vehicles or shipped by a commercial shipping company.

4. It was further part of the drug-trafficking conspiracy that the cocaine would be supplied throughout the United States, to large-scale distributors, including defendants ESTEBAN TAMAYO VALLEJO (a/k/a "Coyote"), SEAN WILLS (a/k/a "Shawny"), JOHN MICHAEL MEEHAN (a/k/a "Mike"), CLAUDE HARPER, DONALD DAVID WALTERS (a/k/a "D," "D D"), and CHARLES TERRY McROBERTS (a/k/a "Black"), who would then re-distribute to others to sell the cocaine in smaller, more costly units, thereby accumulating large amounts of United States currency for the organization.

Case: 4:11-cr-00057-RWS -NAB   Doc. #: 150   Filed: 06/03/11   Page: 4 of 15 PageID #: 349

5. It was further part of the drug-trafficking conspiracy in September, 2010, defendants SAMUEL HUICHAPA LOPEZ (a/k/a "Sam," "Sammy") and ESTEBAN TAMAYO VALLEJO (a/k/a "Coyote") arranged for the delivery of approximately 11 kilograms of cocaine in Atlanta, Georgia, to be picked up and transported by defendants DELANO ANTONIE SMITH and RAYMOND CHARLES ROBINSON.

6. It was further part of the drug-trafficking conspiracy in November, 2010, defendants SAMUEL HUICHAPA LOPEZ (a/k/a "Sam," "Sammy") and ESTEBAN TAMAYO VALLEJO (a/k/a "Coyote") arranged for the delivery of approximately 10 kilograms of cocaine in Birmingham, Alabama, transported by defendants JOSE M. DIAZ and JESSE JOSEPH GALACIA and overseen by defendant JIMMY ANTHONY SOLIS.

7. It was further part of the drug-trafficking conspiracy that in December, 2010, defendant JOHN MICHAEL MEEHAN (a/k/a "Mike") was supplied approximately 5 kilograms of cocaine by defendant SAMUEL HUICHAPA LOPEZ (a/k/a "Sam," "Sammy") which he transported to Missouri.

8. It was further part of the drug-trafficking conspiracy that in February, 2011, approximately 10 kilograms of cocaine was transported to St. Louis, Missouri, at the direction of defendant SAMUEL HUICHAPA LOPEZ (a/k/a "Sam," "Sammy"), and stored at the residence of defendant NELVI VELASCO (a/k/a "Sergio") for distribution to members of the organization.

9. It was further part of the drug-trafficking conspiracy that defendant JOHN MICHAEL MEEHAN (a/k/a "Mike") would distribute multi-ounce quantities of cocaine to defendants JOHN RUSSO and BRIAN WATERS, who would in turn re-distribute the cocaine.

10. It was further part of the drug-trafficking conspiracy that defendants SEAN WILLS (a/k/a "Shawny") and CLAUDE HARPER would receive large quantities of cocaine which would be broken down into smaller quantities for re-distribution.

11. It was further part of the drug-trafficking conspiracy that defendant SEAN WILLS (a/k/a "Shawny") would distribute multi-ounce quantities of cocaine to defendants LEON STEWART (a/k/a "June Bug") and JASON WILEY, who would in turn re-distribute the cocaine.

12. It was further part of the drug-trafficking conspiracy that the organization utilized telephones, including cellular telephones, to communicate with other members of the organization to facilitate their drug trafficking and often utilized code words in order to conceal their drug-trafficking activity.

13. It was further part of the drug-trafficking conspiracy that the organization accumulated large quantities of United States currency, as well as assets often concealed in the names of others, from the distribution and sale of cocaine.

All in violation of Title 21, United States Code, Section 846; and

The quantity of cocaine involved in the offense was in excess of five (5) kilograms, thereby making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(ii)(II).

## COUNT II

The Grand Jury further charges that:

A. Beginning sometime in 2009, and continuing to the date of this Indictment, with the exact dates unknown, in the Eastern District of Missouri and elsewhere,

SAMUEL HUICHAPA LOPEZ, a/k/a "Sam," "Sammy,"
ADOLFO BARRERA-BARRERA, a/k/a "Herlindo B. Barrera,"
FERNANDO TORRES ALONSO,
ALFREDO BARRERA,

5

INDELACIO CASARRUBIA BARRERA,
SEAN WILLS, a/k/a "Shawny,"
JOHN MICHAEL MEEHAN, a/k/a "Mike," and
GILBERT DIXON, a/k/a "Gil," "Moreno,"

the defendants herein, did knowingly and unlawfully combine, conspire, agree, and confederate together with each other and other persons, both known and unknown to the Grand Jury, to distribute and to possess with the intent to distribute heroin, a Schedule I controlled substance, and cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1);

B.   MANNER AND MEANS OF THE CONSPIRACY

1.   It was part of the drug-trafficking conspiracy that defendants SAMUEL HUICHAPA LOPEZ (a/k/a "Sam," "Sammy") and ADOLFO BARRERA-BARRERA (a/k/a "Herlindo B. Barrera") served as broker/suppliers of heroin and cocaine obtained from Sources of Supply in Mexico and distributed throughout the United States, including St. Louis, Missouri.

2.   It was further part of the drug-trafficking conspiracy that defendant ADOLFO BARRERA-BARRERA (a/k/a "Herlindo B. Barrera") utilized close associates in the organization, including defendant ALFREDO BARRERA, to transport heroin and cocaine across the border from Mexico to the United States.

3.   It was further part of the drug-trafficking conspiracy that defendants SAMUEL HUICHAPA LOPEZ (a/k/a "Sam," "Sammy") and ADOLFO BARRERA-BARRERA (a/k/a "Herlindo B. Barrera") utilized close associates in the organization, including defendants INDELACIO CASARRUBIA BARRERA, ALFREDO BARRERA, FERNANDO TORRES ALONSO, and GILBERT DIXON (a/k/a "Gil," "Moreno"), to transport heroin and cocaine within the United States.

4.   It was further part of the drug-trafficking conspiracy that the heroin would be supplied throughout the United States, including St. Louis, Missouri, to large-scale distributors, including

defendants SEAN WILLS (a/k/a "Shawny") and JOHN MICHAEL MEEHAN (a/k/a "Mike"), who would then re-distribute to others to sell the heroin in smaller, more costly units, thereby accumulating large amounts of United States currency for the organization.

5. It was further part of the drug-trafficking conspiracy that in November, 2010, defendant GILBERT DIXON (a/k/a "Gil," "Moreno") transported approximately 1½ kilograms of heroin to the residence of defendant SEAN WILLS (a/k/a "Shawny") in St. Louis, Missouri, for distribution by members of the organization.

6. It was further part of the drug-trafficking conspiracy that in February, 2011, defendants ADOLFO BARRERA-BARRERA (a/k/a "Herlindo B. Barrera") and FERNANDO TORRES ALONSO transported approximately 1½ kilograms of heroin to St. Louis, Missouri, for distribution by members of the organization.

7. It was further part of the drug-trafficking conspiracy that the organization utilized telephones, including cellular telephones, to communicate with other members of the organization to facilitate their drug trafficking and often utilized code words in order to conceal their drug-trafficking activity.

8. It was further part of the drug-trafficking conspiracy that the organization accumulated large quantities of United States currency, as well as assets often concealed in the names of others, from the distribution and sale of heroin and cocaine.

All in violation of Title 21, United States Code, Section 846; and

The quantity of heroin involved in the offense was in excess of one (1) kilogram, thereby making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(i); and

The quantity of cocaine involved in the offense was in excess of 500 grams, thereby making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B)(ii)(II).

## COUNT III

The Grand Jury further charges that:

Beginning sometime in 2009, and continuing throughout 2010, with the exact dates unknown to this Grand Jury, in the Eastern District of Missouri and elsewhere,

**SAMUEL HUICHAPA LOPEZ, a/k/a "Sam," "Sammy,"
and
JOHN MICHAEL MEEHAN, a/k/a "Mike,"**

the defendants herein, did conspire with others known and unknown to this Grand Jury, to commit offenses against the United States, to wit: (a) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, to wit: the mailing of currency from Missouri to Texas; (b) which, in fact, involved the proceeds of a specified unlawful activity, to wit: conspiracy to distribute and possess with the intent to distribute cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), as described in Count I; and (c) with the intent to promote the carrying on of specified unlawful activity, and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity. While conducting and attempting to conduct said financial transactions, the defendants SAMUEL HUICHAPA LOPEZ (a/k/a "Sam," "Sammy") and JOHN MICHAEL MEEHAN (a/k/a "Mike") knew that the funds involved in the financial transactions represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i); and

All in violation of Title 18, United States Code, Sections 1956(h).

## COUNT IV

The Grand Jury further charges that:

On or about November 24, 2009, in St. Louis City, Missouri, within the Eastern District of Missouri,

**LEON STEWART, a/k/a "June Bug,"**

the defendant herein, did knowingly and intentionally possess with the intent to distribute cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT V

The Grand Jury further charges that:

On or about November 24, 2009, in St. Louis City, Missouri, within the Eastern District of Missouri,

**LEON STEWART, a/k/a "June Bug,"**

the defendant herein, did knowingly and intentionally possess with the intent to distribute cocaine base, also known as crack cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1); and

The quantity of cocaine base, also known as crack cocaine, involved in the offense was in excess of twenty-eight (28) grams, thereby making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B)(iii).

## COUNT VI

The Grand Jury further charges that:

On or about March 22, 2010, in St. Louis County, Missouri, within the Eastern District of Missouri,

### JASON WILEY,

the defendant herein, did knowingly and intentionally possess with the intent to distribute cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT VII

The Grand Jury further charges that:

On or about October 28, 2010, in St. Charles County, Missouri, within the Eastern District of Missouri,

### JOHN RUSSO,

the defendant herein, did knowingly and intentionally possess with the intent to distribute cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT VIII

The Grand Jury further charges that:

On or about November 20, 2010, in St. Louis County, Missouri, within the Eastern District of Missouri,

### GILBERT DIXON, a/k/a "Gil," "Moreno,"

the defendant herein, did knowingly and intentionally possess with the intent to distribute heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1); and

The quantity of heroin involved in the offense was in excess of 1 kilogram, thereby making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(i).

## COUNT IX

The Grand Jury further charges that:

On or about October 22, 2010, in St. Louis County, Missouri, within the Eastern District of Missouri,

**JOHN MICHAEL MEEHAN, a/k/a "Mike,"**

the defendant herein, did knowingly and intentionally distribute heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1); and

The quantity of heroin involved in the offense was in excess of 100 grams, thereby making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B)(i).

## COUNT X

The Grand Jury further charges that:

On or about December 15, 2010, in St. Louis County, Missouri, within the Eastern District of Missouri,

**JOHN MICHAEL MEEHAN, a/k/a "Mike,"**

the defendant herein, did knowingly and intentionally possess with the intent to distribute cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1); and

The quantity of cocaine involved in the offense was in excess of 500 grams, thereby making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B)(ii)(II).

## COUNT XI

The Grand Jury further charges that:

On or about February 19, 2011, in St. Louis County, Missouri, within the Eastern District of Missouri,

**CHARLES TERRY McROBERTS, a/k/a "Black,"**

the defendant herein, did knowingly and intentionally possess with the intent to distribute cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1); and

The quantity of cocaine involved in the offense was in excess of 5 kilograms, thereby making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(ii)(II).

## COUNT XII

The Grand Jury further charges that:

On or about February 22, 2011, in St. Louis County, Missouri, within the Eastern District of Missouri,

**ADOLFO BARRERA-BARRERA, a/k/a "Herlindo B. Barrera,"
and
FERNANDO TORRES ALONSO,**

12

the defendants herein, did knowingly and intentionally possess with the intent to distribute heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1); and

The quantity of heroin involved in the offense was in excess of 1 kilogram grams, thereby making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(i).

## FORFEITURE ALLEGATION
(Drug Trafficking - Counts I and II)

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 21, United States Code, Section 853(a), upon conviction of an offense in violation of Title 21, United States Code, Sections 846 and 841(a)(1), as set forth in Count I of this Superseding Indictment, the defendants shall forfeit to the United States of America any property, constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such violation and any property used, or intended to be used, in any manner or part to commit or to facilitate the commission of such offenses.

    a) Subject to forfeiture is approximately $1,500,000.00 in United States currency in that such sum equals the total value of property constituting, or derived from, any proceeds obtained directly or indirectly as a result of the offense alleged in Count I.

2. Pursuant to Title 21, United States Code, Section 853(a), upon conviction of an offense in violation of Title 21, United States Code, Sections 846 and 841(a)(1), as set forth in Count II of this Superseding Indictment, the defendants shall forfeit to the United States of America any property, constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such violation and any property used, or intended to be used, in any manner or part to commit or to facilitate the commission of such offenses.

a) Subject to forfeiture is approximately $280,000.00 in United States currency in that such sum equals the total value of property constituting, or derived from, any proceeds obtained directly or indirectly as a result of the offense alleged in Count II.

3. The specific property subject to forfeiture includes, but is not limited to:

   a) $266,891.00 in United States currency seized on February 19, 2011;

   b) $15,000.00 in United States currency seized on February 24, 2011;

   c) $5,300.00 in United States currency seized on March 3, 2011;

   d) $2,300.00 in United States currency seized on March 30, 2011;

   e) 2011 Kia Sportage, VIN: KNDPC3A23B7079049;

   f) 2008 Ford Fusion, VIN: 3FAHP07178R230603;

   g) 2007 Audi A8 L Quattro, VIN: WAUMV44E97N003537;

   h) 2003 BMW 525, VIN: WBADT43493G023770;

   i) 2008 Cadillac Escalade, VIN: 1GYFK63808R132766;

   j) 2010 Chevrolet Camaro, VIN: 2G1FK1EJ2A9198026;

   k) 2008 Nissan Altima, VIN: 1N4BL21E28N477720;

   l) 1996 Ford F150, VIN: 1FTEF15YXTLB60026; and

   m) 1999 Pontiac Firebird, VIN: 2G2FS22K2X2233583;

4. If any of the property described above, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney


_____
DEAN R. HOAG, #6426
JAMES C. DELWORTH, #2961
Assistant United States Attorneys